# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR. NO. 12-01031 DKW |
| CASE NAME: | USA v. Michael Look |
| ATTYS FOR PLA: | Thomas J. Brady |
| ATTYS FOR DEFT: | Michael J. Green |
| P.O OFFICER: | Sara Neiling |

| | | | |
|---|---|---|---|
| JUDGE: | Derrick K. Watson | REPORTER: | Gloria Bediamol |
| DATE: | 6/26/2014 | TIME: | 9:30 - 10:15 |

COURT ACTION:  EP: Sentencing to Count 1 of the Indictment held.  Defendant present, not in custody.  Homeland Security agent Jeremy Burgeois present.

Defendant plead guilty to Count 1 of the Indictment on 4/12/2013.  Acceptance of Plea of Guilty, Adjudication of Guilt filed on 4/30/2013.

Court accepts plea agreement.

Defendant's objections to the proposed Presentence Report regarding the guideline calculations are overruled.

Parties have reviewed the Presentence Report and it is placed in the record.  Court adopts the factual findings of the Presentence Report.  Court has received and reviewed the letters of support submitted on behalf of Defendant.

Court grants Govt.'s request for a one level departure for Defendant's acceptance of responsibility.

There are no objections to the sentencing guidelines.  Court findings made as to the applicable sentencing guidelines.  Court notes the aggravating and mitigating factors related to Defendant's Sentencing.

Allocution by Defendant.

Recommendations by Counsel as to proposed sentence heard.  Court's proposed sentence stated.  No legal objections to the proposed sentence.  Court imposes sentence.

SENTENCE:

Imprisonment: 52 Months.

Supervised Release: 10 Years.

Fine: $15,000.00.

Special Assessment: $100.00.

Conditions of Supervised Release:

1. The defendant shall abide by the standard conditions of supervision.

2. The defendant shall not commit any crimes, federal, state, or local (mandatory condition).

3. The defendant shall not possess illegal controlled substances (mandatory condition).

4. The defendant shall cooperate in the collection of DNA as directed by the probation officer (mandatory condition).

5. Since the defendant does not have a recent history of substance abuse and the offense is not drug related, it is recommended that the court waive the mandatory drug test condition: The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

6. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

7. The defendant shall provide the Probation Office with access to any and all business records, financial records, client lists, and other records, pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Office.

8. That the fine of $15,000.00 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office, but at a rate of not less than 10% of his monthly gross income. Payment shall be made by payroll deduction, when applicable. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

9. The defendant shall execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office

access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

10. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation, at the discretion and direction of the Probation Office.

11. The defendant shall submit his person, property, house, residence, vehicle, papers, computers as defined in 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

12. The defendant shall register in person with the state sex offender registration agency in the jurisdiction where the defendant resides, works, or is a student, within 3 business days after being sentenced or after being released from custody pursuant to the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006).  For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

13. The defendant may change his residence only with the advance approval of the Probation Office.  The defendant shall appear in person at the state registration agency within 3 business days after the change of residence to report such change.

14. The defendant shall participate in sex offender evaluation and treatment and abide by the policies and procedures of the program, which may include the polygraph, Abel screen and other types of testing, as approved by the Probation Office.

15. The defendant shall not have any type of contact (including written materials, communication devices, audio and visual devices, visits, or through a third party) with children under the age of 18 or the victims, except in the presence of an adult who is aware of the nature of the defendant's offense and who has been approved by the Probation Office.

16. The defendant shall not view, purchase, possess, or distribute any form of child pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(8) or frequent any place where such material is available, except for treatment purposes or for the purposes of appeal or collateral challenges in the instant case and with the prior approval of the Probation Office.

17. The defendant shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2) or frequent any place where such material is the primary product for sale or entertainment is available, except for treatment purposes or for the purpose of appeal or collateral challenges in the instant case and with the prior approval of the Probation Office.

18. The defendant is prohibited from possessing or accessing any computer or electronic device that can access the Internet, except for employment purposes with the prior approval of the Probation Office.

Defendant advised of his right to appeal within 14 days of entry of judgment.

Judicial Recommendations: Defendant to be placed at Terminal Island FCI.

Defendant's oral request to delay mittimus until the end of September 2014 is denied.

Defendant to Self Surrender at the FCI designated by BOP on or before 8/7/2014 by 12:00 P.M.

Defendant's current conditions of release to continue until his self surrender.

Submitted by: Tammy Kimura, Courtroom Manager